**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Mordechai Kessler,<br>individually and on behalf of all others similarly situated;<br>Plaintiff,<br><br>-v.-<br><br>Eastern Account System of Connecticut, Inc.;<br>Defendant. | C. A. No.: 7:22-cv-11004<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mordechai Kessler ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against the Defendant Eastern Account System of Connecticut, Inc. ("Defendant" or "Eastern"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant Eastern is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Eastern is registered in New York for service of process at 111 Park Ridge Road, Brookfield, Connecticut 06804.

10. Upon information and belief, Eastern is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts, and that regularly collects debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. who timely mailed to Eastern a dispute response to its initial collection letter; and

    c. received additional collection letter(s) attempting to collect a consumer debt;

    d. despite the pending dispute and validation;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, despite pending dispute(s)/validation(s), violate 15 U.S.C. §§ 1692e and 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, despite pending dispute(s)/validation(s), violate 15 U.S.C. §§1692e and 1692g.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Plaintiff Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class

members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above paragraphs as if set forth here.

21. Some time prior to June 28, 2022, an obligation was allegedly incurred to non-party NYS Electric & Gas Corporation. ("E&G").

22. The subject obligation arose out of consumer services. The subject debt was incurred by the Plaintiff solely for personal, household or family purposes. Specifically, personal utility services.

23. Thus, the alleged E&G obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

24. E&G is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

25. According to the Letter (defined below), E&G contracted with Eastern to collect on the alleged debt.

26. Defendant Eastern collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – June 28, 2022 Collection Letter*

27. On or about June 28, 2022, Defendant Eastern sent the Plaintiff a collection letter ("Letter").  A copy of this Letter is attached as Exhibit A.

28. The Letter lists the balance due as $960.63.

29. The Letter also states that "[m]ore than 30 days ago [Eastern] sent [Plaintiff] a letter … Since [Plaintiff] did not respond to the letter, [Defendant is] assuming the debt is valid. As a result, information regarding [Plaintiff's] account has been reported to a credit bureau."

30. However, Plaintiff did timely mail his written dispute response to the initial collection letter and spoke with the Defendant over the phone to confirm its receipt of same.

31. Accordingly, the Letter misrepresents the Plaintiff's dispute of the debt, Plaintiff's rights and impermissibly seeks to collect upon the subject debt while the dispute/validation was still pending.

32. Moreover, the Letter admits that negative information concerning the collection was furnished to a credit bureau despite his dispute and the pending validation.

33. The Letter's statement and the Defendant's actions are false and/or deceptive.

34. Thus, Plaintiff was misled as to his rights.

35. Plaintiff was therefore forced to waste time and money in determining his response to the Letter.

36. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

37. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused negative credit furnishment to accrue, and ultimately be reported to third parties, to the Plaintiff's financial detriment.

38. Plaintiff also suffered emotional distress with physical manifestations, including, but not limited to, shock and restlessness, because of the Defendant's violations.

39. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

40. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

41. As it relates to this case, the common-law analogues are to the traditional torts of misrepresentation, negligent infliction of emotional distress, defamation and conversion.

42. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

43. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

44. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore prioritized elsewhere.

45. Defendant's conduct prevented the Plaintiff from acting in the way he would have otherwise acted had the Defendant's Letter not been improper.

46. Plaintiff suspected that this collection was fraudulent in whole or in part.

47. Plaintiff was unable to properly respond as it would be foolhardy for the Plaintiff to pay some or all of this debt when the Letter demanding payment appeared false and deceptive, and did not make sense in light of the pending dispute/validation.

48. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

49. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

50. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

51. Plaintiff was confused and misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

52. Plaintiff is entitled to receive proper notice of the details of the debt, and specifically not information that clouds or conceals this, as required by the FDCPA.

53. Defendant failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

54. Plaintiff has a right to not be subject to collections that are deceptive and misleading.

55. Yet the Defendant's Letter was.

56. As a result of the Defendant's deceptive, misleading, unfair and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

57. Plaintiff repeats the above allegations as if set forth here.

58. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

59. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. Defendant violated said section by:

    a. Making a deceptive and misleading representation in violation of §§ 1692e and 1692e (10) by stating the debt was not disputed and that the collection was reported to a credit bureau; and

    b. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

61. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692e, et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

62. Plaintiff repeats the above allegations as if set forth here.

63. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

64. Pursuant to 15 U.S.C. § 1692g(b), "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer."

65. Defendant violated this section by continuing its collection of the debt despite the Plaintiff's timely dispute following the initial collection letter and the pending validation in response to same.

66. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

67. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mordechai Kessler, individually and on behalf of all others similarly situated, demands judgment from the Defendant Eastern as follows:

   i.     Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Robert Yusko, Esq., as Class Counsel;

   ii.    Awarding the Plaintiff and the Class statutory damages;

   iii.   Awarding the Plaintiff and the Class actual damages;

   iv.   Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

   v.    Awarding pre-judgment interest and post-judgment interest; and

   vi.   Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 31, 2022　　　　　　　　　　　　Respectfully submitted,

                                                      **Stein Saks, PLLC**

                                                      /s/ Robert Yusko
By:  Robert Yusko, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
ryusko@steinsakslegal.com

*Attorneys for Plaintiff*